UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES ANTHONY-WILLIE CROSS,

        Petitioner,                      Case No. 2:12-cv-408

v.                                           Honorable R. Allan Edgar

JEFF WOODS,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

    I.        Factual allegations

Petitioner presently is incarcerated at the Chippewa Correctional Facility. Following a jury trial in Kent County Circuit Court, Petitioner was convicted of felony murder, MICH. COMP. LAWS § 750.316(1)(b), assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to life imprisonment for the felony murder conviction, 50 to 95 years in prison for the assault with intent to rob while armed conviction and five years' imprisonment for possession of a firearm during the commission of a felony. The circuit court entered its judgment of convictions and sentences on November 3, 2009. Plaintiff appealed his convictions to the Michigan Court of Appeals and the Michigan Supreme Court. On June 23, 2011, the Michigan Court of Appeals issued an unpublished opinion affirming the convictions and sentences. The Michigan Supreme Court denied leave to appeal on November 21, 2011, because it was not persuaded that the questions presented should be reviewed by the court.

Petitioner raises the following thirteen grounds in his habeas petition:

    I.        WHERE ENORMOUS PROSECUTION RESOURCES WERE PUT INTO A 2009 TRIAL OF A 2007 HOMICIDE AND ON THE DAY OF TRIAL DEFENSE COUNSEL MADE AN ORAL REQUEST FOR ADJOURNMENT OF THE TRIAL FOR GUNPOWER RESIDUE TESTING, WHICH IS THE LINCHPIN OF THE DEFENSE THEORY ON THE CASE, IT WAS (1) ERROR TO DENY ADJOURNMENT OF THE TRIAL AND (2) INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO PROPERLY INVESTIGATE THE ABSENCE OF GUNPOWER RESIDUE ON JAMES CROSS' CLOTHING. U.S. CONST. AMENDS. V, VI AND XIV?

II. [DID] IMPROPER EVIDENCE (A) THAT DEFENDANT HAS BEEN IN PRISON AND (B) OF BLOODY PHOTOGRAPHS OF DECEASED, DEPRIVE[] DEFENDANT OF DUE PROCESS OF LAW REQUIRING A NEW TRIAL?

III. WHERE THE PROSECUTOR GAVE A KEY WITNESS USE IMMUNITY AT THE INVESTIGATIVE SUBPOENA, IT WAS (1) PROSECUTORIAL MISCONDUCT TO FAIL TO INFORM THE JURY OF THAT DEAL AND (2) CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL TO FAIL TO CROSS-EXAMINE THE WITNESS REGARDING THAT DEAL?

IV. DEFENSE COUNSEL'S FAILURE TO PROPERLY INVESTIGATE, FILE PROPER MOTIONS, MAKE PROPER OBJECTIONS, AND A PROPER RECORD WAS CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL?

V. WHETHER DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL [IN] HIS APPEAL OF RIGHT?

VI. WHETHER DEFENDANT IS ENTITLED TO RELIEF WHERE HE IS "ACTUALLY INNOCENT" OF THE OFFENSES UNDERLYING HIS STATE COURT CONVICTION, AND BUT FOR CONSTITUTIONAL ERRORS IN THE TRIAL MECHANISM, NO REASONABLE JUROR WOULD HAVE VOTED TO CONVICT HIM BEYOND A REASONABLE DOUBT?

VII. DEFENDANT'S CONVICTION FOR [ARMED] ROBBERY [] AND ASSAULT W/I TO ROB WHILE ARMED MUST BE VACATED ON DOUBLE JEOPARDY GROUNDS.

VIII. DEFENDANT IS ENTITLED TO RELIEF WHERE HIS MANDATORY LIFE-SENTENCE FOR FIRST DEGREE MURDER IS [] AN UNCONSTITUTIONAL "DETERMINATE SENTENCE" AND CONSTITUTES CRUEL OR UNUSUAL PUNISHMENT.

IX. DEFENDANT IS ENTITLED TO RELIEF WHERE THE CLERK ADMINISTERED A DEFENDANT OATH TO THE JURORS AT DEFENDANT'S TRIAL, WHICH CONSTITUTED CLEAR ERROR AND REQUIRE[S] REVERSAL AND VACATION OF

CONVICTIONS.

X. WHETHER DEFENDANT['S] CONVICTION WARRANTS VACATION WHERE THE PROSECUTION CONSTRUCTIVELY AMENDED THE INDICTMENT THROUGH HER ARGUMENTS AND CASE IN CHIEF TO THE JURY AND WHICH DENIED THE RIGHT TO NOTICE TO THE ADDED CHARGE WHICH CHANGED FROM ROBBERY THEORY TO AN AMBUSH THEORY.

XI. WHETHER DEFENDANT WAS DENIED VI AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

XII. [WHETHER] DEFENDANT IS ENTITLED TO REVERSAL WHERE THE TRIAL COURT GAVE [AN] INCOMPLETE JURY INSTRUCTION ON HOW THE JURY SHOULD JUDGE DEFENDANT'S STATEMENT AS EVIDENCE AGAINST HIM, WHICH DENIED A FAIR TRIAL.

XIII. DEFENDANT IS ENTITLED TO RELIEF FROM CONVICTION OF HIS MURDER CONVICTION UNDER MCL 750.316, WHERE THE MICHIGAN SUPREME COURT IN PEOPLE V. ARRON CHANGED THE MEANING OF MURDER WHICH REPRESENTS [AN] UNCONSTITUTIONAL INTRUSION INTO A LEGISLATIVE FUNCTION AND VIOLATED DEFENDANT'S RIGHT TO NOTICE UNDER THE 5TH AND 14TH AMENDMENTS OF THE [U.S.] CONST. AND UNDER CONST. 1963 ART.1 § 20 WHERE THE STATUTE VIOLATES THE TITLE-OBJECT-CLAUSE AND REPUGNANT TO MICH CONST. 1963, ART 4 §24.

(Pet., docket #1, Page ID##4, 6, 7, 9, 11-12, 14-19.) Petitioner states that he raised grounds I through IV in his direct appeal. However, Petitioner notes that he raised grounds V through XIII only in the Michigan Supreme Court. (*See* Attach. A to Pet., docket #1-1, Page ID#21.)

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts

have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he raised grounds V to XIII only in the Michigan Supreme Court, and, thus, those claims are unexhausted. *See Wagner*, 581 F.3d at 414 (to fulfill the exhaustion requirement, a petitioner must present his federal claims to both the state court of appeals and the state supreme court.) An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq* in the state court. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion in the state court. The Court therefore concludes that he has at least one available state-court remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kent

County Circuit Court. If his 6.500 motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66; *Wagner*, 581 F.3d at 414.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on November

21, 2011. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, February 20, 2012. Accordingly, absent tolling, Petitioner would have one year, until February 20, 2013, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1] Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:        12/20/2012                        */s/ R. Allan Edgar*
                                                R. Allan Edgar
                                                United States District Judge